UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RETA PRESTIDGE, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-08-3792 |
| | § | |
| WAL-MART STORES TEXAS, L.L.C., | § | |
| *Defendant.* | § | |

## MEMORANDUM AND ORDER

This personal injury case is before the court on plaintiff Reta Prestidge's motion to remand (Dkt. 11). Defendant Wal-Mart Stores Texas L.L.C. has not filed a response, which is equivalent to no opposition under local rules. (LR 7.4.) For the foregoing reasons, the court grants Prestidge's motion.

## Background

Prestidge allegedly slipped and fell in a pool of water at a Wal-Mart store. She sued Wal-Mart in Texas state court, claiming that Wal-Mart was responsible for her injuries because it negligently allowed the pool of water to form and failed to clean it up. In her state court petition, Prestidge did not plead a specific amount of damages but instead pled damages in the range of "more than $50,000 and less than $250,000." (Dkt. 1, Ex. A.)

Wal-Mart removed the case to this federal court on the belief that Prestidge was seeking more than $75,000 in damages. Prestidge now moves to remand the case on the grounds that her complaint does not conclusively prove that she is

seeking more than $75,000 in damages.

## Analysis

When a plaintiff pleads an indeterminate amount of damages, as Prestidge has done here, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See, e.g.*, *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). If the defendant meets its burden, then the plaintiff seeking remand must prove to a legal certainty that it will not be able to recover more than $75,000 in damages. *Id.* at 1411.

Because Wal-Mart has not responded to Prestidge's motion to remand, it has not met its burden of proving that the amount in controversy exceeds $75,000. Accordingly, the case must be remanded back to state court.[1]

## Conclusion

For the foregoing reasons, the court grants Prestidge's motion and orders

---

[1] The court recognizes that this case differs from the typical case in which a plaintiff alleges an unspecified amount of damages. In a typical case, the plaintiff pleads "damages within the jurisdictional limits of the court" or "all damages to which the plaintiff is entitled" instead of a specific dollar amount. Here, however, Prestidge has specified a range of damages, most of which—but not all—exceeds $75,000. Despite this wrinkle, the precise amount in controversy remains indeterminate. Therefore, the court sees no reason to depart from the long-settled rule in this circuit that a removing defendant bears the burden of proving by a preponderance of the evidence that a plaintiff who claims indeterminate damages presents an amount in controversy of over $75,000. *See, e.g.*, *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

the case remanded back to state court.

Signed at Houston, Texas on March 2, 2009.

_____
Stephen Wm Smith
United States Magistrate Judge